1  Cody Sierra Molica, Pro Se
   4926 Harville Rd.
2  Santa Rosa CA 95409
   Tel: 707-539-3120
3  cmolica@comcast.net

FILED
E-filing

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

SI

CV 09    5368

| | |
|---|---|
| CODY SIERRA MOLICA, | Case No.: |
| Plaintiff, | **JURY TRIAL DEMAND; F R Civ. P 38(b)** |
| vs. | 1) **FAIR DEBT COLLECTION PRACTICES ACT TITLE 15 USC §1692, et seq.** |
| MANN BRACKEN LLP, and DOES 1-10 inclusive. | |
| Defendants | 2) **CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIVIL CODE §1788 et seq.** |
| | 3) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | 4) **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |

MOLICA v. MANN BRACKEN LLP  -  1

## PARTIES

1.

Plaintiff CODY MOLICA is an adult male and a resident of the State of California.

2.

Defendant MANN BRACKEN LLP. (hereinafter referred to as ("DEFENDANT") is a debt collector as defined under Title 15 U.S.C. §1692, et seq. Defendant is sued in both its own right and on the basis of respondeat superior.

3.

Plaintiff is ignorant of the true names and capacities of defendants' sued herein as does 1-10 and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner, supervisor, managing agent, or joint venturer of the remaining Defendants and was in action within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants. Defendants are sued both in their own right and on the basis of respondeat superior.

////

///

## VENUE AND JURISDICTION

4.

Jurisdiction of this action is conferred upon this court by 42 U.S.C. §12117, 28 U.S.C. 1331; 1338. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. 1367(a).

5.

Venue over Defendants is proper as Defendants conducts business in the Northern District of California, and at times relevant to this action, Plaintiff has resided in the Northern District of California. Thus venue is proper under 28 U.S.C. § 1391. This civil action is requested to commence in San Francisco District court via the intra-district assignment.

6.

## FIRST CAUSE OF ACTION
## THE DEFENDANTS VIOLATED THE FDCPA

In early 2009 plaintiff began experiencing difficulties paying his monthly invoices resulting from an insurmountable accumulation of debt. Plaintiff defaulted on several unsecured credit-card loans that had originated with Chase Card Services, a division of Chase Bank. After unsuccessfully attempting to collect these debts on their own, Chase arranged for the assistance of Mann Bracken LLP to assist in their collection efforts against the plaintiff. Mann Bracken LLP is a law firm specializing in debt collection as defined in the FDCPA they primarily assist large banks collect delinquent accounts from their customers. They are not a creditor in their own right.

7.

On June 8th, 2009 plaintiff had had enough with the constant and persistent collection calls and sent a cease and desist letter to Mann Bracken LLP demanding that they discontinue their communication with him. Defendant's refused to head plaintiff's demands and continued to make harassing phone calls on a daily basis. Plaintiff had the clairvoyance to record some of these collection attempts in his notes. On June 16th, 2009 at 3pm defendant's phoned plaintiff in an attempt to collect a debt. Plaintiff informed the defendant's representative that he had mailed a cease and desist letter to them and that they should reframe from contacting him. Defendant's representative continued to engage in activity to collect a debt and was hung up on. At 3:20pm on the same day defendant's contact plaintiff again, still seeking to collect a debt. Plaintiff informed the representative of the cease and desist letter which fell on def ears. The representative continued to ask about the debt and plaintiff terminated the communiqué. The very next day on June the 17th 2009 defendant's again attempted to contact the plaintiff regarding alleged debts at 9am in the morning, plaintiff hung up. Less than a week later plaintiff was again assaulted with a barrage of phone correspondence from the defendants. On June 21, 2009 at 5pm, on June 24th at 8:50am, 11am, and again at 2:50pm.

8.

## Second Cause of Action

## Violations of the California FDCPA

(Plaintiff alleges and incorporates by reference paragraphs 1-7 herein)

9.

Because Federal Courts have supplemental jurisdiction over a litigants state law claims once a federal violation of law has been established, plaintiff alleges that based on the facts alleged herein, defendant have also violated the California Rosenthal Act each and every time they violated the Federal FDCPA.

10.

### Third Cause of Action

### Intentional Infliction of Emotional Distress

(Plaintiff alleges and incorporates by reference paragraphs 1-9 herein)

The complained of violations of federal law were wonton and capricious with callous disregard for legislative decrees. Even after being warned in a professional manner and in writing, the defendants refused to reframe from dishonest practices that were outrageous. Starting in mid June, after the plaintiff's letter was received by the defendants, collection calls were coming in every day. Plaintiff had insisted both in writing and on the telephone that he did not want to communicate regarding these alleged debts, he was ignored, harassed and treated in such a disrespectful manner that was so far from outrageous, It was unconscionable.

### 11.

### Fourth Cause of Action

### Negligent Infliction of Emotional Distress

(Plaintiff alleges and incorporates by reference paragraphs 1-10 herein)

If the court feels that these acts were not intentional, then plaintiff alleges in addition that they were negligent, and similarly outrageous to give rise to severe emotional distress.

WHEREAS, Plaintiff prays for relief as follows;
1. For a injunctive decree ordering the defendants to reframe from violating the FDCPA in the future.
2. For damages according to proof.
3. For any and all other relief that the court finds just and proper.

Dated: November 11, 2009

_____
Cody Sierra Molica, Plaintiff in pro se